IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.W. HUNTER, an individual, LARNELL EVANS, JR., an individual for the Estate of Anna Short Harrington, an individual ("Aunt Jemima"), | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 14 CV 6011 ) ) Judge Edmond E. Chang ) |
| v. | ) Magistrate Judge Valdez ) |
| PEPSICO, Inc., a corporation, THE QUAKER OATS COMPANY, a corporation, PINNACLE FOODS GROUP, LLC, a corporation, THE HILLSHIRE BRANDS COMPANY, a corporation, and JOHN DOES 1 through 25, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OF THE HILLSHIRE BRANDS COMPANY
IN SUPPORT OF MOTION TO DISMISS**

Defendant The Hillshire Brands Company ("Hillshire") submits this memorandum in support of its Motion to Dismiss Plaintiffs' Amended Complaint (Doc. No. 15, the "Complaint") in its entirety.

**INTRODUCTION**

In this purported class action, plaintiffs complain about the wrongful appropriation and use of the "Aunt Jemima" trademark which they claim is based on the likeness of their great grandmother – Anna S. Harrington, and the failure to pay Anna S. Harrington for various services allegedly spanning decades. An alleged class of Anna Harrington's great grandchildren claim huge sums of money for that alleged wrongdoing. Numerous counts of the Complaint – ranging from purported causes of action sounding in contract, fraud, unfair competition and

deception, to claims under various state and federal statutes and a United Nations resolution called the International Convention on the Elimination of all Forms of Racial Discrimination – are set out in over 200 paragraphs of supposed wrongdoing related to the "Aunt Jemima" trademark.

Notwithstanding the widely variant legal theories and complaint allegations describing plaintiffs' family and their version of history, all 15 counts of the Complaint share a key commonality: None actually allege wrongdoing on the part of Hillshire.[1] And while Hillshire appreciates that plaintiffs are proceeding here *pro se*, that does not justify allowing them to proceed on a pleading that completely lacks *any* allegations describing anything Hillshire did or failed to do that is actionable in any respect.

The Complaint's inclusion of Hillshire apparently is based entirely on plaintiffs' belief that Hillshire "just merged with Pinnacle's" [sic] "around or about May 2014." (Complaint, ¶¶ 27, 88.) Based on that allegation, the Complaint seemingly suggests that allegations related to conduct of defendant Pinnacle Foods Group LLC can, without more, be attributed to, or somehow legally bind, Hillshire, because of a merger that allegedly took place just some five months ago. That proposition, however, is contradicted by the Complaint's own allegation that Hillshire currently is a separately existing corporate entity. (Complaint, ¶ 27.)

Plaintiffs' merger allegation also is wrong. While not necessary to resolution of this Motion, the simple fact of the matter is that Hillshire recently completed a merger with, and became a wholly-owned subsidiary of, Tyson Foods, Inc. – not defendant Pinnacle Foods Group LLC or any affiliate of that entity. The Hillshire/Tyson Foods, Inc. merger was completed effective August 28, 2014. Prior to that, Hillshire was a publicly traded corporation. Publicly

---

[1] Indeed, Hillshire is not even among those that the Complaint expressly defines as "Defendants." (*See* Complaint, ¶ 31.)

available SEC filings of Hillshire, Tyson Foods, Inc. and Pinnacle Foods, Inc. collectively make that clear and perhaps explain plaintiffs' misunderstanding.[2]

## ARGUMENT

**A.   The Complaint Fails to Meet the Requirements of Fed.R.Civ.P. 8.**

In boilerplate fashion, the Complaint lists Hillshire as a defendant in the introductory language of, and sometimes the request for relief in, each count of the Complaint. Nowhere, however, does any count assert any allegation of wrongdoing on the part of Hillshire. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Even applying the most liberal standard conceivable and allowing for the *pro se* nature of this proceeding, there simply is no getting around the fact that not one of the Complaint's 15 counts as much as even reference actual conduct, acts or omissions on the part of *Hillshire* that might support any cause of action against *Hillshire*.

Most importantly, nowhere does the Complaint allege that Hillshire has ever owned, licensed or used the Aunt Jemima trademark or Anna S. Harrington's likeness. To the contrary,

---

[2] Official filings with the United States Securities Commission disclose that on May 12, 2014, Pinnacle Foods, Inc. (whose most recent SEC Form 10-K identifies defendant Pinnacle Foods Group LLC as a "consolidated subsidiary") and Hillshire entered into an agreement to merge. (*See* SEC Form 8-K filings by Hillshire and Pinnacle, attached in pertinent part at Exhibit A.) That merger agreement, however, was terminated by Pinnacle Foods, Inc. on June 30, 2014, and no merger was ever consummated. (*See* SEC Form 8-K filings by Pinnacle Foods, Inc. and Hillshire, attached in pertinent part at Exhibit B.) Thereafter, Hillshire and Tyson Foods, Inc. disclosed their own July 1, 2014 agreement to merge. (*See* SEC Form 8-K filings by Hillshire and Tyson Foods, Inc., attached in pertinent part at Exhibit C.) The Hillshire/Tyson Foods, Inc. merger was completed and became effective on August 28, 2014. (*Se*e SEC Form 8-K filings by Hillshire and Tyson Foods, Inc., attached in pertinent part at Exhibit D.)

This Court also may take judicial notice of these records for the limited purpose of confirming that Hillshire has no corporate affiliation with defendant Pinnacle Food Group LLC or any affiliate of that entity. Fed R. Evid. 201; *In re Abbott Depakote S'holder Derivative Litig.*, 909 F. Supp. 2d 984, 991 n. 3 (N.D. Ill. 2012).

complaint allegations regarding actual use of the Aunt Jemima trademark (whether through ownership, license or otherwise) are directed solely against the other defendants – not Hillshire. (*See e.g.* Complaint, ¶¶ 52-62, 74,76, 87, 94-95, 99, 101, 116, 126, 134, 155-57, 171, 174-75.) Nowhere does the Complaint allege that Hillshire ever received any benefit or profit from defendant's use of the Aunt Jemima trademark, Anna S. Harrington's likeness, or Anna S. Harrington's services. Although included in various prayers for relief, the Complaint is devoid of any allegations of Hillshire conduct that resulted in damages to anyone. Those sorts of allegations too are directed solely at other defendants. (*See e.g.* Complaint, ¶¶ 7, 74, 76-77, 80, 102, 105, 110, 121-22, 143.)

As made clear by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), while "detailed factual allegations" are not required, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 555 & n.3. This, in turn, necessitates some factual allegation in the complaint "plausibly suggesting" an "entitlement to relief." *Id*. at 557-58 (internal quotations omitted). Put simply, the complaint must include "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404-5 (7th Cir. 2010). As to Hillshire, however, the Complaint provides no "story" whatsoever. That, however, is the kind of "factual content" that must be pled in order to survive a motion to dismiss. *Ashcroft v.* Iqbal, 556 U.S. 662, 678 (2009).

Here, where the Complaint actually is devoid of allegations pertaining to Hillshire altogether, the Complaint fails under even pre-*Twombly* jurisprudence. That it fails to meet the requirements of Rule 8(a)(2) post-*Twombly* is beyond question. And where as here, there furthermore is no possibility that a complaint could be amended to state a claim upon which

relief can be granted, the complaint should be dismissed with prejudice. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cushing v. City of Chi.*, 3 F.3d 1156, 1159 (7th Cir. 1994).

B.  **The Complaint Also Fails to Meet the Requirements of Fed.R.Civ.P. 9.**

Rule 9(b) requires "particularity" with regard to "circumstances constituting fraud." This "particularity" requirement applies not only to claims expressly denominated as "fraud" but, as well, to claims that are grounded or "sound in fraud," or are based on deceptive conduct. *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007) ("A claim that 'sounds in fraud' – in other words, one that is premised upon a course of fraudulent conduct – can implicate Rule 9(b)'s heightened pleading requirements."); *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999) (Rule 9(b) requires a plaintiff allege "the who, what, where, and when of the alleged fraud."). The long litany of alleged "facts" set forth in over 50 complaint paragraphs described as "Facts Common to All Causes of Action," and elsewhere throughout the Complaint, are all about fraud, deceit and conspiracy. Numerous counts are actually similarly so captioned. *See e.g.* Count IV, called "Civil Conspiracy"; Count V, called "Federal Unfair Competition"; Count VII, called "Fraud by Concealment"; Count VIII, called "Promissory Fraud"; and Count XIV, called "Deceptive Acts and Practices." None of these or any of the other counts – all of which incorporate fraud-based allegations – allege *any* particulars regarding Hillshire. Literally *none* whatsoever.

C.  **All of the Counts of the Complaint Should be Dismissed for Additional, Independent Reasons.**

Separate and apart from the substantial pleading deficiencies discussed above, all counts of the Complaint fail for wholly independent legal reasons equally applicable to Hillshire and the other defendants. Those legal deficiencies cannot be circumvented no matter how Plaintiffs'

-5-

attempt to respond to their Rule 8 and 9(b) problems. These additional grounds for dismissal are set forth and briefed in detail in the motion to dismiss and supporting memorandum filed by defendants PepsiCo, Inc., The Quaker Oats Company, and Janet Lynn Silverberg. Hillshire fully adopts and incorporates by reference those defendants' moving papers in further support of its motion to dismiss.[3]

## CONCLUSION

For all of the foregoing reasons, the Complaint should be dismissed as to Hillshire in its entirety with prejudice.

Dated: October 27, 2014

Respectfully submitted,

By: /s/ John Grossbart
*One of the attorneys for defendant*
*Hillshire Brands Company*

John Grossbart (3126133)
Aimee Graham (6307827)
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606
Phone: 312-876-8000
Fax: 312-876-7934

---

[3] To the extent applicable, Hillshire also adopts and incorporates by reference the dismissal grounds set forth in defendant Pinnacle Foods Group LLC's motion to dismiss.

## **CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record. The aforesaid was also served by United States First Class Mail and facsimile to:

> Dannez W. Hunter
> 1275 Lincoln Avenue
> Suite 1
> St. Paul, MN 55105
> Fax: 612-395-9111

        /s/ John Grossbart