IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.W. HUNTER, an Individual, LARNELL EVANS, JR., an Individual FOR THE ESTATE OF ANNA SHORT HARRINGTON, an Individual,<br><br>Plaintiffs,<br><br>vs.<br><br>PEPSICO, INC. a North Carolina Corporation, THE QUAKER OATS COMPANY, a New Jersey Corporation, JANET LYNN SILVERBERG, an individual, PINNACLE FOODS GROUP, LLC, a Delaware Corporation, THE HILLSHIRE BRANDS COMPANY, a Maryland Corporation, and JOHN DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 14CV6011<br><br>The Honorable Edmond E. Chang |

**PEPSICO, INC., THE QUAKER OATS COMPANY
AND JANET LYNN SILVERBERG'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants PepsiCo, Inc. ("PepsiCo"), The Quaker Oats Company ("Quaker"), and Janet Lynn Silverberg (collectively the "PepsiCo Defendants"), respectfully move this Court for an order dismissing Plaintiffs' amended complaint with prejudice. In support, the PepsiCo Defendants state as follows:

1.  On August 5, 2014, Plaintiffs filed their first complaint.

2.  Since filing the original complaint, Plaintiffs filed an amended complaint with 150 pages inclusive of exhibits and 15 separate "causes of action" (the "Complaint"). In the Complaint, Plaintiffs allege that they are the great-grandchildren of Anna Short Harrington, who they allege served as the advertising character "Aunt Jemima" in unidentified appearances and print ads between 1935 and her death in 1955. Plaintiffs further allege that as a result of Ms. Harrington's work as Aunt Jemima, they are entitled to $2 billion dollars of damages from the

PepsiCo Defendants. The Complaint includes claims for "deprivation of the right of publicity under New York law" (Count 1); "deprivation of the right of publicity under Illinois Law" (Count 2); "violation of the rights of publicity under Illinois and New York common law" (Count 3); "civil conspiracy" (Count 4); "violations of federal unfair competition" (Count 5); "breach of contract" (Count 6); "fraud by concealment" (Count 7); "promissory fraud" (Count 8); "conversion" (Count 9); "accounting" (Count 10); "unjust enrichment and disgorgement" (Count 11); "disparate impact under the International Convention on the Elimination of all Forms of Racial Discrimination" (Count 12); "violation of the International Convention on the Elimination of all Forms of Racial Discrimination" (Count 13); "deceptive acts and practices" (Count 14); and "attorney's fees and costs" (Count 15). All 15 claims should be dismissed with prejudice for the reasons set forth below and more fully discussed in the supporting memorandum that the PepsiCo Defendants have filed and incorporate herein by reference.

3. All of Plaintiffs claims fail for at least three independent reasons. <u>First</u>, Plaintiffs do not allege that a lawful probate estate for Ms. Harrington's estate was filed, approved or opened by any court upon her death, or that they are lawful executors or administrators of her estate. Accordingly, even assuming that Plaintiffs are Ms. Harrington's great-grandchildren, as a matter of law, they lack standing to assert claims on behalf of the estate of Ms. Harrington.

4. <u>Second</u>, to the extent Plaintiffs allege claims that are recognized under some applicable law, the statute of limitations for all of those claims lapsed many years ago.

5. <u>Third</u>, each of Plaintiffs' fifteen claims is defective as a matter of law. Plaintiffs either fail to plead a claim recognized by law, fail to plead the elements necessary to establish a claim recognized by the law, or the claim is implausible or fails on its face. Additionally, the Complaint makes no allegations that support any claim against Ms. Silverberg.

WHEREFORE, the PepsiCo Defendants respectfully requests that the Court grant their Motion and enter an order dismissing Plaintiffs' Complaint with prejudice.

Dated: October 27, 2014

Respectfully submitted,

By: /s/ Dean N. Panos
    Dean N. Panos
    Jason M. Bradford
    Jenner & Block LLP
    353 N. Clark Street
    Chicago, IL 60654-3456
    Telephone: 312-222-9350
    Facsimile: 312-527-0484

    **Attorneys for PepsiCo, Inc., The Quaker Oats Company, and Janet Lynn Silverberg**

**CERTIFICATE OF SERVICE**

      Jason M. Bradford, an attorney, hereby certifies that on October 27, 2014, he caused a true and correct copy of the foregoing Motion to dismiss to be served using the Court's electronic case filing system, which will send electronic notification of such filing to all parties registered with the Court's electronic case filing system. In addition, the following parties that are not registered with the Court's electronic case filing system were served via United States Postal Service First Class Mail and facsimile:

                Dannez W. Hunter
                1275 Lincoln Avenue
                Suite 1
                St. Paul, Minnesota
                Fax: 612.395.9111

Dated: October 27, 2014                By:    /s/ Jason M. Bradford

                                                        Jason M. Bradford
                                                        Jenner & Block LLP
                                                        353 N. Clark Street
                                                        Chicago, IL 60654-3456
                                                        Telephone: 312-222-9350
                                                        Facsimile: 312-527-0484