**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.W. HUNTER, an Individual, LARNELL EVANS, JR., an Individual FOR THE ESTATE OF ANNA SHORT HARRINGTON, an Individual,<br><br>    Plaintiffs,<br><br>    v.<br><br>PEPSICO, INC., an North Carolina Corporation, THE QUAKER OATS COMPANY, a New Jersey Corporation, JANET LYNN SILVERBERG, an Individual, PINNACLE FOODS GROUP, LLC, a Delaware Corporation, THE HILLSHIRE BRANDS COMPANY, a Maryland Corporation, And JOHN DOES 1 through 25, inclusive,<br><br>    Defendants. | Case No 14-cv-6011<br>The Honorable Edmond E. Chang |

**DEFENDANT PINNACLE FOODS GROUP LLC'S
REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Just as plaintiffs' Amended Complaint ("Complaint") made virtually no specific allegations about defendant Pinnacle Foods Group LLC ("Pinnacle"), plaintiffs' two filings opposing dismissal hardly refer at all to Pinnacle.[1] Indeed, apart from mentioning Pinnacle in the titles of the documents, plaintiffs make no other reference to Pinnacle much less argue that the legal bases set forth in Pinnacle's opening brief are not sufficient for dismissal. And, as explained in Pinnacle's opening brief (Doc. 53 at 5), plaintiffs' occasional general references to "conspirators" are likewise not enough to keep Pinnacle in this case.

---

[1] The filings are Plaintiffs' Objection to PepsiCo. Quaker Oats, Pinnacle Defendants Quid Pro Quo Motion to Dismiss Pursuant to Violations of 15 U.S.C. §1051(B), 18 U.S.C. §1001 ("Objection")(Doc. 63) and their Memorandum in Support of Objections to Pepsico, Quaker Oats, and Pinnacle Motion to Dismiss Pursuant to Violations of 15 U.S.C. §1051(B), 18 U.S.C. §1001" ("Memorandum")(Doc. 64).

The absence of any meaningful response to Pinnacle's motion (Doc. 53) means that the plaintiffs have, in essence, conceded that they have no viable basis for stopping dismissal. In circumstances like this, and under well settled law in this circuit, the Court should dismiss all claims against Pinnacle with prejudice. *See, e.g., Alioto v. Town of Lisbon et al.*, 651 F.3d 715, 719-720 (7th Cir. 2011)(affirming dismissal with prejudice where the plaintiff's response did not address the defendants' arguments about the sufficiency of plaintiff's complaint).

I. **Plaintiffs' Failure to Respond to the Grounds in Pinnacle's Motion Means All Claims against Pinnacle Should Be Dismissed with Prejudice.**

It is well settled that when facing a motion to dismiss, a plaintiff's failure to respond to the defendant's arguments warrants dismissal of all claims with prejudice. 651 F.3d at 719-721, *citing Lekas v. Briley,* 405 F.3d 602, 614-615 (7th Cir. 2005) (a "litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss"); see also, *Kirksey v. R.J. Reynolds Tobacco Co. et al.,* 168 F.3d 1039, 1041 (7th Cir. 1999)("[A]n unresponsive response is no response. In effect, the plaintiff has defaulted for refusing to respond to the motion to dismiss."); *Discount Inn, Inc. v. City of Chicago,* 2014 U.S. Dist. LEXIS 157890, *4 (N.D. Ill. 2014)(affirming dismissal with prejudice); *Aberman v. Board of Education of City of Chicago,* 2014 U.S. Dist. LEXIS 138641, *6-7 (N.D. Ill. 2014)(plaintiffs waived four counts where she did not respond to defendant's arguments as to these claims in her response to their motion to dismiss); *Barnes v. Homestart Mortgage Corp. et al,* 2012 U.S. Dist. LEXIS 140659, *4 (N.D. Ill, 2012)( "Plaintiff's failure to respond is a sufficient basis within itself to grant" the motion to dismiss).

Here, plaintiffs' filings fail to address any of the grounds cited in Pinnacle's motion for dismissing their claims against Pinnacle:

2

- They do not respond to Pinnacle's arguments that these plaintiffs lack standing to bring their Complaint on behalf of the Estate of Anna Harrington or on behalf of class members. (Doc. 53 at 5.)

- They do not respond to the specific grounds for dismissal of Counts 1-3 against Pinnacle: there is not a recognized cause of action for use of "family bloodline likeness;" the alleged appropriation of Ms. Harrington and Ms. Hunter's likenesses occurred well before Pinnacle licensed an Aunt Jemima product line; New York does not recognizes claims on behalf of a non-living person; Illinois does not recognize claims on behalf of a person whose death occurred before January 1, 1999; and Harrington and Hunter both died before the Jan. 1, 1999 effective date of the Illinois Act.[2] (Doc. 53 at 5-6.)

- They do not respond to Pinnacle's arguments that Counts 4 through 15 fail to state a claim upon which relief can be granted. (Doc. 53 at 5-15.)

- Plaintiffs have not addressed the litany of statutes of limitations that bar the various counts of their Complaint. (See Doc. 59 at 9-10.) Instead, they invoke an inapposite U.S. Supreme Court case, *Petrella v. MGM*, 134 S. Ct. 1962; 188 L. Ed. 2d 979; 2014 U.S. LEXIS 3311 (2014), which declined to apply the equitable doctrine of laches to shorten the express statutory three year time bar on copyright claims. The Complaint does not allege a copyright infringement claim, and Pinnacle's motion raised the statute of limitations as a bar, not

---

[2] And, none of the three New York cases cited by plaintiffs in their Memorandum recognize use of a "family bloodline likeness" as a cognizable basis for a claim under New York law or salvage plaintiffs' claims. *First*, as set forth in Pinnacle's Motion to Dismiss, in *Burck v. Mars, Inc., et. al.,* 571 F.Supp.2d 446, 453 (S.D.N.Y. 2008), the Court held that the statutory right under Sections 50 and 51 of the New York Civil Rights Law does "not extend to fictitious characters." (Doc. 53, n. 5 at 6.) There, the Naked Cowboy was not a living person, but was a character the plaintiff took on when performing. Likewise, as alleged in the Complaint, Aunt Jemima is not a living person, but a character that Ms. Harrington played. *Second*, *Onassis v. Christian Dior-New York,* 472 N.Y.S. 2d 254, 262 (N.Y. Sup. Ct. 1984) merely acknowledged that the likeness of a person could be the basis for a claim under the New York statute if a look alike (double) was made to appear as the person and to be instantly recognizable as that person -- there, Jackie Onassis. *Third*, *Young v. Greneker Studios,* 26 N.Y.S.2d 357 (N.Y. Sup. Ct. 1941) stands for the proposition that the New York statute could apply to use of three dimensional likenesses, which is not an issue alleged in the Complaint.

3

laches. Plaintiffs also assert that the statute of limitations for fraud does not run until discovery but do not explain how plaintiffs for decades could fail to discover the alleged likeness of Anna Harrington or Olivia Hunter on Aunt Jemima products.

Rather than responding substantively, plaintiffs incorrectly assert that a defendant's failure to attach an affidavit to support its 12(b)(6) motion to dismiss defeats the motion. (Doc. 64 at 6.) The federal rules of civil procedure, however, do not require submission of an affidavit to support that type of motion.

Nor does plaintiffs' status as *pro se* litigants preclude dismissal with prejudice. *See Zollicoffer v. Fireman's Fund Ins. Co.,* 2014 U.S. Dist. LEXIS 143430, *5-6 (N.D. Ill. 2014) (affirming dismissal with prejudice); *Rainey v. J.B. Hunt Transport, Inc. et al.,* 2014 U.S. Dist. LEXIS 128533, *6 (N.D. Ill. 2014) (same); *Phongsa et al v. J.P. Morgan Chase Bank, N.A., et al,* 2014 U.S. Dist. LEXIS 75011, *4 (N.D. Ill. 2014)("a plaintiff's failure to respond to a Rule 12(b)(6) motion, at least if the motion gives plausible reasons for dismissal, provides adequate grounds for granting the motion" even as to a *pro se* plaintiff).

Therefore, the Court should dismiss all claims against Pinnacle with prejudice.

**II.     Neither Plaintiff Hunter's Expressed Intention To Abandon His Claims Nor His Belated Request For Additional Time To Find Counsel Should Preclude Dismissal With Prejudice.**

Plaintiff Dannez Hunter apparently intends to abandon his claims -- "this plaintiff does not intend to litigate this case" (Doc. 63 at 9) -- although he has continued to make various filings. To the extent there is any ambiguity about Mr. Hunter's position as a plaintiff, given the fact that there is a second plaintiff in this action, it is appropriate to decide Pinnacle's motion to dismiss.

4

Mr. Hunter also apparently wishes to prolong this case to allow him more time to find counsel, which he could have done before filing suit. Allowing such time will not cure the obvious defects in the claims against Pinnacle: lack of standing, myriad statute of limitation bars, and the host of other legal deficiencies as set forth in Pinnacle's Motion to Dismiss.

## CONCLUSION

In light of the many defects in the complaint against Pinnacle, as set forth in Pinnacle's motion to dismiss, and plaintiffs' abject failure to respond as to Pinnacle, all claims against Pinnacle should be dismissed with prejudice.

    Respectfully submitted,

    PINNACLE FOODS GROUP LLC

By:    */s/ Stephanie A. Scharf*

    Stephanie Scharf, ARDC # 6191616
    Deirdre A. Fox, ARDC # 6206110
    SCHARF BANKS MARMOR LLC
    333 W. Wacker Dr., Suite 450
    Chicago, Illinois 60601
    312-726-6000

## CERTIFICATE OF SERVICE

I, Deirdre A. Fox, certify that a copy of the foregoing DEFENDANT PINNACLE FOODS GROUP LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS was served upon the below-listed individuals via the Court's ECF System and electronic mail in the case of pro se plaintiff on this 4th day of Decembr, 2014.

                                                                                                      */s/ Deirdre A. Fox*

### SERVICE LIST

| | |
|---|---|
| *Plaintiff Pro Se:* | Dannez W. Hunter |
| | 1275 Lincoln Avenue |
| | Suite 1 |
| | St. Paul, Minnesota |
| | E-mail: dannezhunter@hotmail.com |
| | Fax: 612.395.9111 |
| *Attorneys for Defendants, PepsiCo Inc., The Quaker Oats Company, and, Janet Lynn Silverberg:* | Dean N. Panos |
| | Jason M. Bradford |
| | JENNER & BLOCK LLP |
| | 353 N. Clark Street |
| | Chicago, IL 60610 |
| | Phone: 312.222.9350 |
| | E-mail: dpanos@jenner.com |
| | E-mail: jbradford@jenner.com |
| *Attorneys for Hillshire Brands Company:* | John I. Grossbart |
| | Aimee E. Graham |
| | DENTONS US LLP |
| | 233 S. Wacker Drive |
| | Suite 7800 |
| | Chicago, Illinois 60606 |
| | Phone: 312.876.8000 |
| | E-mail: john.grossbaart@dentons.com |
| | E-mail: aimee.graham@dentons.com |