IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| D.W. HUNTER, an individual, LARNELL EVANS, JR., an individual for the Estate of Anna Short Harrington, an individual ("Aunt Jemima"), | ) ) ) ) ) |
| Plaintiffs, | ) Case No. 14 CV 6011 ) ) Judge Edmond E. Chang ) |
| v. | ) Magistrate Judge Valdez ) |
| PEPSICO, Inc., a corporation, THE QUAKER OATS COMPANY, a corporation, PINNACLE FOODS GROUP, LLC, a corporation, THE HILLSHIRE BRANDS COMPANY, a corporation, and JOHN DOES 1 through 25, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**REPLY OF DEFENDANT THE HILLSHIRE BRANDS COMPANY
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS'
<u>AMENDED COMPLAINT</u>**

Defendant, The Hillshire Brands Company ("Hillshire"), hereby files this reply in further support of its Motion to Dismiss ("Motion," at Doc. Nos. 55 and 56).

**INTRODUCTION**

Hillshire's Motion to dismiss plaintiffs' Amended Complaint (the "Complaint," at Doc. No. 15) is simple and straight-forward. In addition to adopting the motions to dismiss filed by its co-defendants, Hillshire's Motion explained that given the Complaint's *complete lack* of substantive allegations against Hillshire to support any of the Complaint's fifteen separate counts – indeed, barely even any mention of Hillshire at all – plaintiffs' pleading clearly fails to meet the base requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure. With

the deadline for plaintiffs' response having passed, that remains the case as nothing plaintiff has filed even attempts to address Hillshire's Motion.

## PLAINTIFFS' RESPONSES

Since the filing of Hillshire's Motion and the dismissal motions filed by the other defendants, plaintiffs have submitted a flurry of new material. The first filing directed to those motions is titled "Objection to PepsiCo, Quaker Oates, Pinnacle Defendants Quid Quo Pro Motion to Dismiss" which, along with a "Memorandum in Support," was filed on November 2, 2014. (Doc. Nos. 63, 64.) While the Objection references Hillside in its prefatory language, nowhere does that document, or the Memorandum in Support, even mention, much less address, any of the grounds raised in Hillshire's Motion. Both also fail to address the numerous other legal grounds set forth in the motions filed by Hillshire's co-defendants, which Hillshire adopted.[1] Instead, those filings largely repeat the same litany of allegations and disparate statements that have become commonplace in this action, along with raising disjointed allegations of obstruction and plaintiffs' asserted inability to respond to the various grounds urged for dismissal until they secure legal counsel.

Yet another document titled (in part) "Objection to Hillshire's Motion to Dismiss" was *served* by plaintiffs on November 2, 2014. That document, however, apparently has not been filed with the Court, thus leaving plaintiffs' intent less than clear as to whether they wish it even be considered. In any event, this document too wholly fails to address the substance of Hillshire's Motion.

---

[1] To the extent co-defendants' reply on those points made by them in the motions Hillshire has adopted, Hillshire adopts those replies.

-2-

Finally, other recent filings by plaintiffs make generic reference to the pending motions to dismiss and essentially continue the same refrain. (*See* Doc. Nos. 66, 67, 68, 69.) Again, these too make no attempt to explain how Hillshire somehow belongs in this case.

Given the wholesale lack of any substantive response by plaintiffs, this Court should dismiss all claims against Hillshire with prejudice. *See*, *e.g.*, *Alioto v. Town of Lisbon, et al.*, 651 F.3d 715, 719-720 (7th Cir. 2011) (affirming dismissal with prejudice where plaintiff's response did not address the defendants' arguments about the sufficiency of plaintiff's complaint). None of plaintiffs' filings as much as even attempt to sustain their claims as to Hillshire. (*See also* Defendant Pinnacle Foods Group Reply, and cases cited therein (Doc. No. 70, at p. 2).) And given the utter completeness of that failure, plaintiffs' *pro se* status provides no excuse or justification for a contrary result. (*See id.*, at p. 4.)

## CONCLUSION

Nothing plaintiffs can do – with or without counsel – can conceivably result in a well-pled action against Hillshire where there are no allegations (and, consistent with Rule 11, nor could there be) that Hillshire ever owned, licensed or utilized the Aunt Jemima mark, contracted with plaintiffs' grandmother or great grandmother, or acted in concert or conspiracy with any of the co-defendants regarding anything that remotely resembles the story that plaintiffs' Complaint

urges as a basis for legal liability. Nor have they pled any legally cognizable claims even were that otherwise. As to Hillshire, the Complaint should be fully and finally dismissed with prejudice.

Dated: December 4, 2014                         Respectfully submitted,

                                           By:     /s/ John Grossbart
                                                       *One of the attorneys for defendant*
                                                        *Hillshire Brands Company*

John Grossbart (3126133)
Aimee Graham (6307827)
DENTONS US LLP
233 S. Wacker Drive, Suite 7800
Chicago, IL 60606
Phone: 312-876-8000
Fax: 312-876-7934

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 4, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record. The aforesaid was also served by United States First Class Mail and facsimile to:

    Dannez W. Hunter
    1275 Lincoln Avenue
    Suite 1
    St. Paul, MN 55105
    Fax: 612-395-9111


      /s/ John Grossbart