**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.W. HUNTER, an Individual, LARNELL EVANS, JR., an Individual FOR THE ESTATE OF ANNA SHORT HARRINGTON, an Individual, <br><br>  Plaintiffs, <br><br>  vs. <br><br> PEPSICO, INC., a North Carolina Corporation, THE QUAKER OATS COMPANY, a New Jersey Corporation, JANET LYNN SILVERBERG, an individual, PINNACLE FOODS GROUP, LLC, a Delaware Corporation, THE HILLSHIRE BRANDS COMPANY, a Maryland Corporation, and JOHN DOES 1 through 25, inclusive, <br><br>  Defendants. | Case No. 14CV6011 <br><br> The Honorable Edmond E. Chang |

**PEPSICO, INC., THE QUAKER OATS COMPANY
AND JANET SILVERBERG'S REPLY MEMORANDUM
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

In the PepsiCo Defendants' Motion to Dismiss, we demonstrated that Plaintiffs lack standing to bring any claim on behalf of the estate of Anna Harrington because Plaintiffs do not and cannot allege that there is a lawful probate estate or that Plaintiffs are lawful executors of that estate. As also demonstrated in the Motion to Dismiss, the statute of limitations for Plaintiffs' purported claims have long since expired and Plaintiffs' complaint fails to state any actionable claims. Plaintiffs have made nine filings with the Court following the PepsiCo Defendants' Motion to Dismiss,[1] however, none of these substantively respond to any of the arguments in support of dismissal.

---

[1] On October 30, 2014, Plaintiffs filed an "Objection to PepsiCo, Quaker Oats, Pinnacle Defendants Quid Quo Pro Motion to Dismiss Pursuant to Violations of 15 U.S.C. §1050(B), and 18 U.S.C. §1001," a "Memorandum in Support of Objection toa PepsiCo, Quaker Oats, and Pinnacle Motion to Dismiss

A plaintiff's failure to substantively respond to a motion to dismiss warrants dismissal of plaintiff's complaint. "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning. An unresponsive response [to a motion to dismiss] is no response." *Williams v. Miller*, No. 03-524-DRH, 2006 WL 240413, at *3 (S.D. Ill. Jan. 31, 2006) (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999)); *Lekas v. Briley*, 405 F.3d 602, 614-15 (7th Cir. 2005) (holding that a plaintiff waived an argument by failing to raise it in response to a motion to dismiss); *see also, Walker v. National Recovery, Inc.*, 200 F.3d 500, 504 (7th Cir. 1999) (the district court may enter judgment on the pleadings under Rule 12(c) if plaintiff fails to back up his complaint after the defendant moves for dismissal).

---

Docket No. 46 Pursuant to Violation of 15 U.S.C § 1051(B), 18 U.S.C. §1001," and a "Joint Rule Status Hearing and Report." On November 17, 2014, Plaintiffs filed a "Motion and Requests for the Federal Court to Issue an Order for the U.S. Marshalls to Retrieve the Certified Death Certificate of Aunt Deloris Hoffman From the Bureau of Vital Statistics in Syracuse Due to Obstruction of Justice Violations of 10 U.S.C. 333, 18 U.S.C. §§2, 3, 4, 73, 241, 242, 1343,1349 ICERD Article V(a)(b), Including Federal Rule of Criminal Procedure 42, and 60" and a "Memorandum in Support O Motion and Request for the Federal Court to Issue an Order for the U.S. Marshalls to Retrieve the Certified Death Certificate of Aunt Deloris Hoffman." On November 19, 2014, Plaintiffs filed an "Objection to Denial to Exhume the Bodies Docket No. 50 Due to Violations of 18 U.S.C. §§4, 73, & 1001 to Lie to a Federal Judge About the Existence of a Contract" and a "Memorandum of Law in Support of Objection to Denial to Exhume the Bodies Docket No. 50." On December 1, 2014, Plaintiffs filed a "Motion and Request Permission of the Court to Compel Inspector General Dean Panos to Relinquish for Authentication to the Magistrate and/or Judge for Inspection the Seal for Certified Death Certificate of Anna Short Ha·rrington Pursuant to 18 U.S.C. 2, 3, 4, and 35 U.S.C. §2(B)(2)(D) Fed. Rule of Evidence 404(b)(2)" and a "Memorandum in Support of Motion and Request Permission of the Court to Compel Inspector General Dean Panos to Relinquish for Authentication to the Magistrate and/or Judge for Inspection the Seal for Certified Death Certificate of Anna Short Hasrrington Pursuant to 18 U.S.C. 2, 3, 4, and 35 U.S.C. §2(B)(2)(D) Fed. Rule of Evidence 404(b)(2)."

Plaintiffs have not provided a response to any of the arguments put forth in the PepsiCo Defendants' Motion. Accordingly, under the prevailing law in the Seventh Circuit, Plaintiffs' claim should be dismissed with prejudice.[2]

Moreover, Plaintiffs' filings improperly introduce facts and legal claims not alleged in the Amended Complaint. *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]"); *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *Miller v. Gain Financial Inc.*, 995 F.2d 706, 708 (7th Cir. 1993) (recognizing that *Thomason v. Nachtrieb* provides the correct standard for a motion to dismiss). Accordingly, Plaintiffs' additional allegations and legal claims should not be considered in response to the PepsiCo Defendants' Motion to Dismiss. Nonetheless, even if Plaintiffs' new allegations were considered, those allegations and claims do not support any of Plaintiffs' claims.

Accordingly, Plaintiffs' Amended Complaint should be dismissed with prejudice.

Dated: December 4, 2014

                                        Respectfully submitted,

                                        By: /s/ Dean N. Panos
                                              Dean N. Panos
                                              Jason M. Bradford
                                              Jenner & Block LLP
                                              353 N. Clark Street
                                              Chicago, IL 60654-3456
                                              Telephone: 312 222-9350
                                              Facsimile: 312 527-0484
                                              **Attorneys for PepsiCo, Inc., The Quaker Oats Company, and Janet Lynn Silverberg**

---

[2] Plaintiffs assert in their "Joint Rule Status Hearing and Report" that Plaintiff Hunter met with defendants on October 24, 2014 and prepared the report. The PepsiCo Defendants have not met with Plaintiffs and the "joint report" was not agreed upon by the PepsiCo Defendants.

3

**CERTIFICATE OF SERVICE**

Jason M. Bradford, an attorney, hereby certifies that on December 4, 2014, he caused a true and correct copy of the foregoing PepsiCo, Inc., The Quaker Oats Company and Janet Silverberg's Reply Memorandum in Support of Their Motion to Dismiss to be served using the Court's electronic case filing system, which will send electronic notification of such filing to all parties registered with the Court's electronic case filing system. In addition, the following parties that are not registered with the Court's electronic case filing system were served via United States Postal Service First Class Mail and facsimile:

>Dannez W. Hunter
>1275 Lincoln Avenue
>Suite 1
>St. Paul, Minnesota
>Fax: 612.395.9111

Dated: December 4, 2014  By:  /s/ Jason M. Bradford

>Jason M. Bradford
>Jenner & Block LLP
>353 N. Clark Street
>Chicago, IL 60654-3456
>Telephone: 312-222-9350
>Facsimile: 312-527-0484