

**FILED**

**DEC 1 0 2014**

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

D. Hunter
1275 Lincoln Ave., Ste #1
St. Paul, MN 55105
612-395-9111(F)q

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. W. HUNTER, an Individual, LARNELL EVANS. JR., an Individual FOR THE ESTATE OF ANNA SHORT HARRINGTON, an Individual ("AUNT JEMIMA") PLAINTIFFS' vs. PEPSICO Inc., a Corporations, JANET LYNN SILVERBERG, an Individual, THE QUAKER OATS COMPANY, a Corporation, PINNACLE FOODS GROUP, LLC, THE HILLSHIRE BRANDS COMPANY, a Corporation, and DOES 1 through 25, inclusive, DEFENDANTS. | Judge: Edmond E. Chang<br>Case NO. **14CV6011**<br>MOTION FOR LEAVE OF COURT TO BECOME THE ADMINISTRATORS AND EXECUTORS FOR THE ESTATE OF GREAT GRANDMA ANNA SHORT HARRINGTON, GRANDMA OLIVIA HUNTER, AND AUNT DELORIS HOFFMAN IN SYRACUSE |

**COMES NOW PLAINTIFF HUNTER BRINGING FORTH** Motion For Leave of Court to Become The Administrators and Executors For the Estate of Great Grandma Anna S. Harrington, Grandma Olivia Hunter, and Aunt Deloris Hoffman in Syracuse, on the _____ day of December 2014, or as soon thereafter as counsel maybe heard in the above-entitled matter.

Plaintiff herein introduces facts outside of the complaint via Syracuse Probate Court Website that explains exactly how Quaker Oats, PepsiCo, and Pinnacle Foods are attempting to "fix" this case by committing fraud upon the court in a scheme get the case thrown out based on a technicality by which their hands are dirty by obstructing the due course of justice, instead of addressing the merits of the claims:

## "Filing for Probate
## "The **Executor** files the original **Will** and a **certified copy of the death**

**certificate** with the **probate petition** and other **supporting documents** in the Surrogate's Court in the county where the Decedent had their primary residence."

http://www.nycourts.gov/courthelp/WhenSomeoneDies/probate.shtml

Judge Chang, did you "**KNOW**" the Probate and Surrogate Court of Syracuse website "**Advertised**" that is **mandatory** for the Death Certificates to be attached to the Petition in order for either of us to be appointed the Administrators before you issued your instructions for Rule 11 Sanctions? Even if the above revelations advertisement was not on the Syracuse or Probate Court website, did you "**KNOW**" that is mandatory in Probate or Surrogate Court that Plaintiffs had to obtain a Certified Death Certificate of Grandma Olivia Hunter; in order, to be Appointed the Administrators, before you issued bias Rule 11 Sanctions instructions to Inspector General Dean Panos to file Rule 11 sanctions? Judge Chang, did you know the Warren W. Bader, inside the law firm of Costello, **Cooney, Ferson**, allegedly became the Administrator for the estate of Olivia Hunter, as Mr. Bader also works as the Public Administrator of Onadaga County? When Aunt Elizabeth died, where thereafter, on 06/14/96, Samuel B. Vanese who is a retired lawyer became the Administrator of Grandma Olivia Hunter's estate and purportedly works for the law firm of Costello, Cooney, and Ferson?



Mr. Vanese transferred the Administrator to Warren Bader, Attorney at Law Firm **Costello, Cooney, Ferson,** and **Public Administrator, Onondaga County**, 1999 – **Town Justice,** (emphasis added), 1990-2005 and Counsel, 2005 – Town of Constantia.

Taylor v. O'Grady, 888 F.2d 1189 (7th Cir. 1989). In Pfizer Inc. v. Lord, 456 F.2d 532 (8th Cir. 1972), the Court stated that "It is important that the litigant not only actually receive justice, but that he believes that he has received justice." The Supreme Court has ruled and has reaffirmed the principle that "justice must satisfy the appearance of justice", Levine v. United States, 362 U.S. 610, 80 S.Ct. 1038 (1960), citing Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 13 (1954).

When I showed up at the window of Vital Statistics to obtain Grandma Olivia Hunter's Death Certificate, the Supervisor instructed me to ask "Quaker Oats" and "PepsiCo" for permission; in order, to obtain our Great Grandmother Anna Short Harrington and Grandmother Olivia Hunter's Certified Death Certificates, as opposed to the Plaintiff's own attorney. In humiliation, Plaintiff contacted PepsiCo and Quaker Oats to demand that they send a letter, and PepsiCo and Quaker Oats refused. In addition, the Supervisors would not honor Attorney Robert Angel's letter as a licensed attorney. Basically, the Plaintiff's family were obstructed from taking over control simultaneously of both Estates to be appointed the Administrators, while on the other side in Minnesota, officers within government drafted false document to evict the plaintiff mother Inez Hunter into the streets. Do you call that fair and impartial or do you call that RICO? Do you think its' fair that you have issued instructions for Rule 11 sanctions for a Motion To Dismiss merely because of bias against myself being aware of around 15 other family members exist?

The lawyers within **Costello, Cooney, and Ferson** are simultaneously **government employees** ("emphasis added") working as the Public Administrators of Onadoga County that have taken over Grandma Olivia Hunter's estate that has sway over the release of the Certified death Certificate of Grandma Olivia Hunter. This is the reason why Attorney Robert Angel was not able to obtain all three Death Certificates so that the plaintiff's family could proceed to

probate court to become the Administrators to explain to a Probate or Surrogate Officer that the plaintiff's Great Grandmothers came from a Plantation, and was not given a full accounting of royalties to include into the estate so that the family could pay fees to the state of Syracuse.

In light of these revelations, Plaintiff requests that the Court terminate its instructions for Rule 11 sanctions regarding docket entries R. 63 and R.64. Upon receipt via mail from the Court, docket No. 75, Plaintiff sent out instructions to shut down discovery pursuant via email, but doesn't know if the instructions timely reached a third party. Plaintiff has complied with the Courts order in part, and will return the subpoenas that Plaintiff has within his possession that were not served.

Quaker Oats and PesiCo knew by conscripting a Supervisor inside Vital Statistics to obstruct the release of the Certified Death Certificate of Grandma Olivia Hunter, that the entire proceedings would be obstructed / stayed; in order, to impair bolstering a **complete defense while Rule 11 sanctions would be levied.**

On the USPTO website Grandma Harrington's trademark is "Inactive". On the USPTO website Grandma Olivia Hunter's trademark is "**ACTIVE**". On June 28, 1991, Plaintiff's Grandmother Olivia Hunter's image was deposited inside the USPTO, Ser. No. Serial No. 74180630. Plaintiff's family could not proceed to surrogate court or probate court without Olivia Hunter's Certified Death Certificate for application "Serial No. 74180630, Reg. No. 1534523; 1549337," thus obstructing a challenge for royalties dated from June 28, 1991 forward, all while Quaker Oats and PepsiCo schemed to commit "Fraud upon the Court" against a pro se plaintiff by impeding two teams of attorneys. Plaintiff has been informed by an attorney that the family could obtain Executor and Administrator status in Syracuse. Plaintiff begs the court to give the family time to remedy the impediment created by Quaker Oats, PepsiCo, Pinnacle Foods that imposed undue delay and influence on Vital Statistics in Syracuse. It should be obvious to the court that the plaintiffs were obstructed from forming a complete defense.

Mr. Angel has within his possession the "Certified Death Certificate of Great Grandma Anna Short Harrington". Dean Panos has within his possession the "Certified Death Certificate of Great Grandma Anna Harrington. Plaintiff has made an objection to "**any and all**

**statements**" by PepsicCo, Quaker Oats, and Pinnacle Food's Motion to Dismiss Rule 12(b), and reserves any and all defenses, thus plaintiff did not default. Plaintiff also made an objection to "**any and all statements**" against Hillshire's Motion to Dismiss, and would request that the clerks to docket that objection.

If Mr. Angel would not have been obstructed, the Certified Death Certificates of Great Grandma Anna Harrington, and Grandma Olivia Hunter would have been acquired simultaneously and the Plaintiff would have been able to be appointed the Administrators within 2 months window by December 31, 2013, had it not been for deliberate acts to obstruct the mechanisms of justice by Supervisors or unduly delay within Vital Statistics operating at the behest of Quaker Oats and PepsiCo and not honoring Attorney Angel's license or letter. Attorney Angel had the insight to electronically file and pay for the Death Certificates. The issue is that when Plaintiff was at the window of Vital statistics with my Father's Death Certificate, my birth certificate, my father's driver's license, and my Grandma's obituary, Supervisor inappropriately instructed me to ask "**PERMISSON**" from the "PepsiCo and Quaker Oats;" in order, to obtain my Great Grandmother's Death Certificate, and this is why the plaintiff has levied collusion complaints to the federal court regarding PesiCo, and Quaker Oats that is represented by Inspector General Dean Panos. Basically, the court has given so much of an unfair advantage to PepsiCo and Quaker Oats, and more rights to a corporation as opposed to a living human being.

The Syracuse Probate Court's website say's they will need all three death certificates of my family members. Quaker Oats took Aunt Deloris Hoffman's eye's and morphed them onto Grandma Olivia Hunter's face and deposited the same inside the USPTO trademark Serial Number 74180630, Registration No. 1534523; 1549337, and others".

Plaintiff begs the court to give a probate attorney the opportunity for leave of court to file Executor or Administrator papers. PepsiCo and Quaker Oats are arguing the Executors for both Grandma Harrington, for Serial trademark No. 71385940, Reg. No. Registration No. 0344873 and arguing appointment as the Administrators on USPTO trademark Serial Number 74180630, Registration No. 1534523; 1549337, and others".

Plaintiff objects to the Court refusing to direct the U.S. Marshals to retrieve the Certified Death Certificate from Supervisors of Aunt Deloris Hoffman, and Grandma Olivia Hunter inside the Bureau within Vital Statistics because the procedure on the Syracuse Probate Court website clearly advertises that it is mandated to obtain Certified Death Certificates that must be attached to the Petition to be appointed Administrator or Executor. (Exh. 401, 410, 411, 412, 413, 414, 415, 416)

Dated **12/08/2014**                                  Respectfully Submitted,

# NYCOURTS.GOV
NEW YORK STATE UNIFIED COURT SYSTEM

## COURT Help
### Find the Help You Need to Represent Yourself in NY Courts



← CourtHelp

- Going to Court ▷
- Families & Children ▷
- Abuse & Harassment
- Problems with Money ▷
- Small Claims
- Homes & Eviction ▷
- Name Change ▷
- Guardianship ▷
- When Someone Dies ▷

## Probate

When a Decedent (the person who died) had a Will then the Will must be filed in Surrogate's Court and admitted for probate. If the Decedent died without a Will, then an administration proceeding should be file. If the Decedent had less than $30,000 of personal property with a Will or without a Will, then a small estate, also called a voluntary administration proceeding, can be filed instead.

Probate is the process of proving that the Will is valid. During probate, the Will is proved to the satisfaction of the court that it's the Last Will and Testament of the person who died. Once the Surrogate (the judge in Surrogate's Court) is convinced of the validity of the Will, the Executor or Executrix named in the Will is appointed to distribute the estate and carry out the wishes of the person who died. The Surrogate's Court oversees this process.

### Filing for Probate

The Executor files the original Will and a certified copy of the death certificate with the probate petition and other supporting documents in the Surrogate's Court in the county where the Decedent had their primary residence.

The Decedent's distributees must also be listed in the probate petition. Distributees must be served with a citation. The citation gives the Surrogate's Court has jurisdiction over them. This means that the Surrogate's Court has the authority to determine

**Exh. 400**



- Abuse & Harassment
- Problems with Money ▷
- Small Claims
- Homes & Eviction ▷
- Name Change ▷
- Guardianship ▷
- When Someone Dies ▷

Decedent died without a Will, then an administration proceeding should be file. If the Decedent had less than $30,000 of personal property with a Will or without a Will, then a small estate, also called a voluntary administration proceeding, can be filed instead.

Probate is the process of proving that the Will is valid. During probate, the Will is proved to the satisfaction of the court that it's the Last Will and Testament of the person who died. Once the Surrogate (the judge in Surrogate's Court) is convinced of the validity of the Will, the Executor or Executrix named in the Will is appointed to distribute the estate and carry out the wishes of the person who died. The Surrogate's Court oversees this process.

### Filing for Probate

The Executor files the original Will and a certified copy of the death certificate with the probate petition and other supporting documents in the Surrogate's Court in the county where the Decedent had their primary residence.

The Decedent's distributees must also be listed in the probate petition. Distributees must be served with a citation. The citation gives the Surrogate's Court has jurisdiction over them. This means that the Surrogate's Court has the authority to determine the rights of the people involved. A citation tells the distributee that the Executor filed for probate to manage the Decedent's estate. The distributee can sign a waiver and consent to appointment of Executor. Beneficiaries who will inherit something under the will must be notified of the probate proceeding.

The filing fee is based on the size of the estate.

Probate proceedings can be very complicated. In many cases, it might be a good idea to get a lawyer.

or they must sign a waiver of consent to the probate proceeding and appointment of Executor

**Exh. 400**

# CERTIFICATE OF SERVICE

FOR THE COUNTY OF ]
RAMSEY IN THE ]ss.   Case No.:   14-CV-6011
STATE OF MINNESOTA ]

I, _____, HEREBY certify that I am over the age of 18 years old, and located at 1275 Lincoln Ave., Ste #1, St. Paul, MN 55105 . I certify that I have placed a prepaid postage, true and complete original to the court and copies to the party(is) of record at the U.S. Postal Office located at Post Office on the date of October 2014, for this action of the following:

**Motion For Leave of Court**

| | |
|---|---|
| Mr. Dean N. Panos<br>Jenner & Block LLP<br>PepsiCo,<br>The Quaker Oats Company<br>353 N. Clark Street, Chicago, IL 60654-3456<br>\| jenner.com<br>(312) 923-2765 \| TEL<br>(312) 840-7765 \| FAX | Stephanie A. Scharf<br>Scharf, Banks & Maromor<br>333 West Upper Wacker Drive<br>Suite #450<br>Chicago, IL 60606<br>312-662-6999<br>Email: scharf@scharfbanks.com |
| Almee E. Graham<br>John I. Grossbart<br>The Hillshire Brands Company,<br>Associate<br>Dentons U.S. LLP<br>233 South Wacker Drive<br>Suite #7600<br>Chicago, IL 60606 | Michele Hurley,<br>The Rainbow Coalition Inc.,<br>930 E. 50th Street,<br>Chicago, IL 60615 |
| c/o Clerk<br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | |

I declare under the penalty of perjury under the laws of the State of Minnesota and/or N. Carolina that the above is true and correct.

Date: **12/08/14**

Respectfully Submitted,