D. Hunter
1275 Lincoln Ave., Ste #1
St. Paul, MN 55105
612-395-9111(F)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| D. W. HUNTER, an Individual, an Individual, and LARNELL EVANS, JR., an Individual, ("AUNT JEMIMA")     PLAINTIFFS' <br> vs. <br> PEPSICO Inc., a Corporations, JANET LYNN SILVERBERG, an Individual, THE QUAKER OATS COMPANY, a Corporation, PINNACLE FOODS GROUP, LLC, Corporation, and DOES 1 through 25, inclusive,     DEFENDANTS. | Judge: Edmond E. Chang <br> Case NO. <u>14CV6011</u> <br><br> OBJECTION TO DOCKET 70 AND DEFENDANT PINNACLE FOODS REPLY OF ITS MOTION TO DISMISS <br><br>  <br><br> JAN - 5 2015 <br><br> THOMAS G. BRUTON <br> CLERK, U.S. DISTRICT COURT |

    **COMES NOW, PLAINTIFF BRINGING FORTH** this Objection to Docket 70 And Defendant Pinnacle Foods Reply of its Motion to Dismiss, that is absent an Affidavit. The Conspirators have asked the court to perform a "**pecuniary favor**" in the form of "**White Privilege**" to dismiss a case with merit, while engaging in "Fraud upon the Court," and U.S.P.T.O. in violation of Federal Rules of Criminal Procedure 42, 60, including deliberately "Obstructing Justice" that resulted in impeding two teams of attorneys prior from gathering **readily available material evidence** from state and federal agencies in violation of 18 U.S.C. 73. In addition, Plaintiff would like to call the server of the civil complaint and summons to appear in court as witness to the assault, and asks that the court to issue an order to obtain that video. On the 25 of Oct. 2014, Judge Judy rendered at 4:45 a ruling against a litigant from throwing a coke can at the other litigant prior to the legal action being filed.

    In the case of *Robert Kearns vs. Ford Motor Company* pertaining to "intermittent windshield wiper" based on ideas the inventor had patented, Mr. Kearn sued every licensing company even under John Does, in the same exact course of action as Plaintiff. A Motion to Dismiss in any case involving a copyright, trademark, or patent that is attached to a civil complaint, can only be challenged with an "**Affidavit sworn under the penalty of perjury**, and to submit a fraudulent Motion To Dismiss absent

an affidavit is technically a "non-response" and violates 8 U.S.C.4 and 1001. Plaintiff has submitted to the Court on November 2, 2014 an Objection to the Defendant Pinnacle's Motion to Dismiss. Plaintiff asserts the Federal Court should check with the clerks in order to track down said Objection against Hillshire. Furthermore, plaintiff submitted a Subpoena upon vital statistics that was not honored in subversion of ICERD Article V(a)(b), in order to obstructive to due course of justice. Plaintiff submitted a subpoena to the court around 2 1/2 weeks ago, in order to force the Sheriff's office's to release the Homicide report of Nancy Green. It takes 4 days for any documents to reach the Federal court via regular mail, and another 4 days to return said subpoena, thus plaintiff objects to the subpoena against the Sheriff's office being withheld and not being timely returned, as defendants deposit more fraudulent pleadings upon the court.

    When the Conspirators deposited a fraudulent Motion To Dismiss without a challenge to the substantive issues, their non-response became equal to a blank piece of paper. Once again, Plaintiff objects to any and all statements by Quaker Oats, PepsiCo, Pinnacle Foods, and Hillshire fraudulent Motion to Dismiss, and any fraudulent arguments therein.

    Once again, Plaintiff herein requests permission of the court to set a date to file a Motion For Default of Judgment against Quaker Oats, PepsiCo, and Pinnacle Foods, due to all three parties failing to respond to the merit of the civil complaint with an attached affidavit, thus constituting a "non-response" by all three Conspirators. In addition, the Plaintiff asserts said Conspirators are asking the court for a pecuniary favor to be rewarded by their consorted efforts to obstruct justice, whereby they have impaired the plaintiff from obtaining the material evidence of Aunt Deloris Hoffman's death certificate. It's a gross travesty of justice that the plaintiff has to ask the court to act upon it's own recognizance to obtain state Death Certificates readily available inside Vital Statistics, as Supervisors ignore a subpoena. Since Vital Statistics has ignored the authority of a federal subpoena, and obstructed two teams of attorneys from attempting prior to obtain readily available Certified Death Certificates of Aunt Deloris Hoffman, and Great Grandma Anna Harrington, then it's obvious those same impediments impaired the plaintiff prior from discovering any material facts to attach to any civil complaint. Plaintiff asserts Aunt Deloris Hoffman's Death Certificate is needed to respond to any Motion to Dismiss, thus plaintiff reserves and all rights to object to the Defendants non-response documents that do not challenge the substantive pleadings.

When the Plaintiff obtains Aunt Deloris Hoffman's certified death certificate along with Nancy Green's Homicide Report, Plaintiffs then will request to amend their civil complaint to attach documents that would have normally been attached by attorneys.

Plaintiff objects to all of Pinnacle fraudulent pleadings in its entirety and has not conceded to any fraudulent papers by Pinnacle while they obstruct the due course of justice. Further to wit, Pinnacle has failed to challenge the merit of Quaker Oats name cited as the employer of the Certified Death Certificate, as well as, failing to respond to our Great Grandmother's likeness being deposited inside the USPTO.

How can I respond when it's obvious that due to Inspector General being lead counsel conflict of interest that imposed undue influence upon Vital Statistics in Syracuse that resulted in obstructing the Certified Death Certificate of Aunt Deloris Hoffman, and delayed the Death Certificate of Great Grandma Anna Harrington, while the Sheriff's office is obstructing the homicide report of Nancy Green?

Plaintiff D. W. Hunter does have standing to bring this lawsuit, because I and Larnell Evans Jr. are the Great Grandsons of Anna Short Harrington, and Grandsons of Olivia Hunter and the heirs of the heirs of the Estate pursuant to ICERD Article V(vi) with the "Right to Inherit" instead of third parties. Plaintiff did not know prior, that Quaker Oats Executives switched the **"eyes of Aunt Deloris Hoffman"** onto Grandma Olivia Hunter's face, and this is the reason why the Conspirators have directed Supervisors inside Vital Statistics to obstruct the release Aunt Deloris Hoffman's Certified Death Certificate. Plaintiff Hunter was not the person to discover Great Grandma Harrington's trademark inside the USPTO. In a casual conversation, Sophia discovered Grandma Harrington's image inside the USPTO, with a reporter simultaneously on the phone around October 17, 2013, that resulted in a letter being sent to Luis Prado, President on October 28, 2013.

Furthermore, the Conspirators have not responded to the primary issues of the Conspirators wrongfully procuring and/or stealing in whole and/or part Great Grandma Anna Harrington's pancake formulas from her boarding house along with the issue of wrongful death(s). The substantive issues in this case is not merely the image on the front of the box, and has placed center stage the issues concerning three wrongful death(s) with a premeditated motive to steal 64 formulas and 22 menus, while allocating proceeding to non-heirs, third parties, including foreigners bragging about how she recently arrived in America and is currently benefiting on a $13 million dollar annual salary derived from the culinary formulas of Black women that were the subject of an enslavement.

Plaintiff objects to any and all fraudulent arguments brought forth by Pinnacle Food's original Motion to Dismiss, and plaintiff objects to any of their non-responsive pleadings that has not put forth one challenge to any trademark let alone rebutted the primary issue of the 64 formulas. Defendant Pinnacle Foods is the licensee company of Quaker Oats and PepsiCo. Pinnacle Foods is selling Aunt Jemima pancakes while utilizing the likeness of our Great Grandmother Olivia Hunter's image directly on the box, and using Great Grandma Anna Short Harrington's formulas. (Exh. 1) When Quaker Oats encountered our Great Grandmother Anna Harrington, she was already at the State Fair in Syracuse cooking her own pancakes with her own formulas. Plaintiff objects to the Defendants bogus argument of a default while crucial evidence readily available is being obstructed by Supervisors within Vitals Statistics; in addition, to the sheriff's office not relinquishing the Homicide Report, while the clerks have not returned the subpoena. If this objection lands in the federal court before a stamped copy of a subpoena upon the Sheriff's office is returned to the plaintiff, then such misconduct has unduly delayed the due course of judicial business and prejudiced the plaintiff's case to launch a full and complete response.

On lines 61, and 62, of the amended complaint it clearly states Pinnacle is a licensee. For the **First Cause of Action** it states: "**By Plaintiffs against All Defendants, and Does 1-25**". On line 126 inside the amended complaint it states: "**Defendants licensed the likeness, voice, esthetic look Anna S. Harrington to third parties without compensating the Harrington Estate for 60 years**". Specifically, on Exhibit 19, it state: "Aunt Jemima frozen products were **licensed out to Pinnacle Foods Corporation in 1996.**"

Why should a Federal Court give more rights to a Corporation instead of a human being, and give PepsiCo and Quaker Oats sway to obstruct a *pro se* plaintiff from obtaining the material evidence of the death certificate of one of their family members? Consequently, there are Senators currently examining whether or not the judicial system has become warped to the extreme of titling the scales to the advantage of corporations.

Why should a Federal Court give more rights to a Corporation instead of a two licensed teams of attorneys that were attempting to gather material evidence, and give that corporation more rights than a human being to obstruct a litigant in a federal setting from obtaining material evidence for the death certificates of any of our family members readily available within any government agency merely because the lead attorney is an Inspector General?

4

How is the Conspirators arguing statutes of limitation when its obvious they obstructed two licensed teams of attorneys from obtaining Great Grandma Anna Harrington's Death Certificate, obstructed two licensed teams of attorneys from obtaining Aunt Deloris Hoffman's Death Certificate, ignored a Federal subpoena from a Federal Court with a "seal," obstructed the release of Nancy Green's Homicide Report, and then try to raise a bogus statutes of limitations claim? Explain it? Vital Statistics asked Attorney Angel to relinquish his "driver's license" on top of his "bar license" and then turned around engaged in Wire fraud and sent him an outright lie claiming the plaintiff to not be a family member after receipt of electronic payment?

Why would Pinnacle Food be any different from the licensee companies in Kerns vs. General Motors Corp., Ferrari, Honda, Maserati, Peugeot, Bavarian, etc.?

Plaintiff will not discharge himself from this case. Plaintiff has not and will not abandon this case and will not relinquished any rights as a pro se litigant, and is still seeking time to find an attorney so that he can obtain material evidence that was obstructed with the scheme to impair the drafting of a civil complaint. Plaintiff reserves and asserts his rights under the United States Constitution as a pro se party for this case, including availing such rights under ICERD Article Section V. Docket 63 at 9 should read that plaintiff is not the legal representative of Nancy Green's family in the case. For the court to allow Pinnacle Foods, Quaker Oats, and PepsiCo to continue to deposit fraudulent pleadings while being aware that the Conspirators attempted to neutralize one or more of the heirs prior to litigation commencing, thus constitutes a criminal act on behalf of the Conspirators. Deloris Hoffman's Death Certificate, and the Homicide Report of Nancy Green are needed to properly respond to all fraudulent documents by the Defendants that have violated ICERD Article V(a)(b), 18 U.S.C. 242, and 243, including FRCP. Due to the obstruction of justice, and the Defendants again erroneously representing there to not be a part of Court Record an Objection against Hillshire, the Plaintiff is requesting time to find an attorney as a proximate result of impropriety and not docketing said objection. There is a difference between claiming a state or federal court to be an adversarial environment, and a defendant attempting to "**fix a case**" by obstructing and / or delaying crucial material evidence from being attached to the original pleadings, and then walking into court with a Lead Attorney being an

Inspector General, and filing a Rule 12(b)(c) Motion to dismiss knowing the Conspirators obstructed two teams of attorneys from obtaining one piece of paper in 10 months. There is a rationale behind Dr. Ben Carson making the statements on CNN yesterday concerning government officers engaging in Malfeasance of Office by using instruments of government to punish it's opponents.

    Dr. Ben Carson:

    "The fact that our government is using **instruments of government** ("emphasis added") like the IRS to punish it's opponents. This is not the kind of thing that is a democrat or republican issue. This is something that threatens all of our freedom."http://www.cnn.com/2014/12/03/politics/carson-stands-by-nazi-germany-comparsion/index.html?hpt=hp_t2

Using instruments of the government to target a member of the American population for the purpose to steal heirs royalties or property of any sort, is a criminal offense prohibited by 18 U.S. Code § 1512(a)(B)(B)(C)(2)(A)(B)(i)(ii)(b), 18 U.S.C. §2382, and 18 U.S.C. § 2339A. When it becomes known to a Magistrate or Judge in a Federal Court that these particular laws were violated prior to a case being filed, then there is no veil of protection for the defendants of any sort. Plaintiff's recent filing are all based upon "obstruction" of justice by Defendants. Plaintiffs Dannez Hunter and Larnell Evans Jr. are the Great Grandsons of Anna Short Harrington, and legal heirs entitled to the royalties of any and all Aunt Jemima Product lines. Plaintiff asserts that Aunt Laura Mae Patterson is deceased. Plaintiffs request the opportunity to amend their complaint once the Court Orders Vital Statistics to release the Death Certificate of Aunt Deloris Hoffman that was hired by Quaker Oats, in addition to the Homicide Report of Nancy Green.

DATED: <u>December 4, 2014</u>    Respectfully Submitted,

_____

## CERTIFICATE OF SERVICE

FOR THE COUNTY OF ]
RAMSEY IN THE ]ss.     Case No.: __14-CV-6011__
STATE OF MINNESOTA ]

I, _____, HEREBY certify that I am over the age of 18 years old, and located at **1275 Lincoln Ave., Ste #1, St. Paul, MN 55105** . I certify that I have placed a prepaid postage, true and complete original to the court and copies to the party(is) of record at the U.S. Postal Office located at Post Office on the date of Dec. 4, 2014, for this action of the following:

**Objection + Memorandum +**

| | |
|---|---|
| Mr. Dean N. Panos<br>Jenner & Block LLP<br>PepsiCo,<br>The Quaker Oats Company<br>353 N. Clark Street, Chicago, IL 60654-3456<br>\| jenner.com<br>(312) 923-2765 \| TEL<br>(312) 840-7765 \| FAX | Stephanie A. Scharf<br>Scharf, Banks & Maromor<br>333 West Upper Wacker Drive<br>Suite #450<br>Chicago, IL 60606<br>312-662-6999<br>Email: scharf@scharfbanks.com |
| Almee E. Graham<br>John I. Grossbart<br>The Hillshire Brands Company,<br>Associate<br>Dentons U.S. LLP<br>233 South Wacker Drive<br>Suite #7600<br>Chicago, IL 606-6-6404 | |
| c/o Clerk<br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, IL 60604 | |

I declare under the penalty of perjury under the laws of the State of Minnesota and/or N. Carolina that the above is true and correct.

Date: **12/04/14**

Respectfully Submitted,

[signature]

6